Jeffrey L. Snow (JS 5396)
Robert T. Maldonado (admitted *pro hac vice*)
Cooper & Dunham LLP
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 278-0400
Fax: (212) 391-0525

Attorneys for Defendant Telebrands Corp.

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BLUE GENTIAN, LLC, and NATIONAL EXPRESS, INC.,** ) ) ) | |
| Plaintiff, ) ) | Civil Action No.  2:13-cv-04627-FSH-JBC |
| ) ) | District Judge Faith S. Hochberg |
| v.  ) ) | Magistrate Judge James B. Clark |
| **TELEBRANDS CORP., BED BATH AND BEYOND, INC., WAL-MART STORES, INC., THE WALGREEN COMPANY, RITE AID CORPORATION, and AJIT "A.J." KHUBANI,** ) ) ) ) ) ) ) | **DEFENDANT TELEBRANDS CORP.'S REPLY IN SUPPORT OF ITS MOTION FOR APPEAL OF MAGISTRATE JUDGE CLARK'S MARCH 11, 2014 ORDER (DKT. NO. 64)** |
| Defendant. ) ) ) | |

## TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................................ 1

II.   ARGUMENT ...................................................................................................................... 1

  A.  The Prejudice to Telebrands and the Accused Infringers Continues to Accumulate ............ 1

  B.  A Stay of the Proceedings Would Not Prejudice the Plaintiffs .......................................... 3

III.   CONCLUSION .................................................................................................................. 4

**DEFENDANT TELEBRANDS CORP.'S REPLY IN
SUPPORT OF ITS MOTION FOR APPEAL OF MAGISTRATE
<u>JUDGE CLARK'S MARCH 11, 2014 ORDER (DKT. NO. 64)</u>**

I.   INTRODUCTION

Defendant Telebrands Corp. ("Telebrands") submits this Reply in support of its Motion for Appeal of Magistrate Judge Clark's March 11, 2014 Order (Dkt. No. 64) which appealed the denial of Telebrands' request for a stay of the present and consolidated actions. Dkt. No. 67. The Opposition (Dkt. No. 70) filed by Plaintiffs Blue Gentian, LLC and National Express, Inc. (collectively, "Plaintiffs") is based on wholly irrelevant arguments. In light of the mounting prejudice to Telebrands and the other parties accused of infringement in these actions, the proceedings should be stayed pending the Court's determination of the outstanding motions to dismiss.

II.   ARGUMENT

   A. **The Prejudice to Telebrands and the Accused Infringers Continues to Accumulate**

Plaintiffs' argument that the present Appeal should be denied because it is the third request for the same relief is irrelevant. As the deadlines relating to discovery, non-infringement contentions and claim construction proceedings under the Local Rules in the consolidated actions approach, the prejudice to Telebrands and the other parties accused of infringement continues to accumulate. Most importantly, parties that are not properly joined in any of these cases will be forced to commit to legal positions that they do not need or want to take. Even if these parties were not bound to legal positions until such time that they may be properly joined in the actions, much of the parties' efforts expended with respect to their patent contentions and claim construction briefing would likely be wasted in light of new and additional contentions and legal positions that the added parties will raise. With respect to parties that have not yet even been

1

served with the complaint and summons, there is no reason for the Court or Plaintiffs to assume that Telebrands will indemnify them, or that they will take all of the same legal positions as Telebrands.

In action No. 13-4627, retailer defendants, Wal-Mart Stores, Inc. and The Walgreen Company, and Telebrands' President and CEO, Ajit Khubani, have outstanding motions to dismiss the complaint filed against them.  The same retail defendants have also reasonably sought, in the alternative, for the claims against them individually to be stayed pending determination of the infringement claims against Telebrands, the manufacturer and supplier of the accused POCKET HOSE product.  Moreover, months after filing action no. 13-4627, Plaintiffs filed a motion to add more of Telebrands' retail customers, namely, HSN, Inc. and Family Dollar Stores, Inc., as defendants in that action, but these entities have not been served with the complaint and summons, and Telebrands has opposed the Plaintiffs' attempt to add them as parties to this dispute. 13-cv-04627, Dkt. No. 58.  Given the Plaintiffs' clearly stated improper motive to use this litigation to force Telebrands' customers to sell Plaintiffs' competing XHose product,[1] these parties should not be required to participate in these consolidated actions until the Court has had an opportunity to consider their motions to dismiss or stay the claims against them.

Plaintiffs' discussion in their Opposition (Dkt. No. 70 at 2-3) of the courts' policy on granting stays for a pending patent reexamination is irrelevant.  There is no pending reexamination proceeding relating to any of the patents-in-suit.  These consolidated proceedings should be stayed in light of the prejudice to the various parties accused of infringing the patents-in-suit, as set forth above.

---

[1] The Plaintiffs have freely admitted that they dropped their claims against retail defendants Bed Bath & Beyond and Rite Aid after they agreed to sell the XHose product.  Dkt. No. 70 at 5.

2

**B. A Stay of the Proceedings Would Not Prejudice the Plaintiffs**

Telebrands points out that it has not engaged in any "obstructionist discovery tactics," as the Plaintiffs have asserted. Telebrands and the other accused infringers have endeavored to timely meet all of the deadlines for patent contentions and claim constructions proceedings, and have responded to the Plaintiffs' discovery requests.

Moreover, Plaintiffs would not be prejudiced by a stay of these consolidated actions. As a general matter, the Plaintiffs have not acted to pursue these actions expeditiously, and in fact employed highly inefficient procedures, including filing the now transferred action in the United States District Court for the Southern District of Florida, filing a new action to raise claims under the third issued patent-in-suit rather than amending the prior complaint, and raising claims against Telebrands' customers in a piecemeal fashion.

A recent decision of the Canadian Federal Court adjudicating a claim of infringement against Telebrands brought under the Canadian patent corresponding to the patents-in-suit makes clear that the Plaintiffs are highly unlikely to succeed with their infringement claims in the present actions. *See* Ex. A, Reasons for Judgment and Judgment by Hon. Mr. Justice Hughes dated April 7, 2014. In that Decision, the Canadian judge held the asserted claims of the Canadian patent to be invalid under the McDonald patent[2] relied upon in these consolidated actions. The claims in the corresponding Canadian patent are narrower than those in the patents-in-suit here, the only significant difference being that claimed hose was directed to use with water rather than fluids in general.[3]  Given that the claims of the patent-in-suit are directed to a

---

[2] Telebrands explicitly identified the McDonald patent as invalidating prior art in the original declaratory judgment complaint filed in action no. 12-6671.

[3] Justice Hughes rejected the patentee's argument that the principal prior art reference, the McDonald patent, was not applicable because it disclosed a hose for use to deliver oxygen in an airplane environment rather than to transport water as a garden hose.

hose for transporting any kind of fluid (which includes liquids and gases), the claims are undoubtedly invalid under the McDonald patent for the same reasons.

### III.   CONCLUSION

For all of the reasons set forth herein and in its opening memorandum (Dkt. No. 67-1), Telebrands respectfully requests the Court reverse the ruling set forth in Magistrate Judge Clark's March 11, 2014 Order (Dkt. No. 64), and accordingly grant Telebrands' request to stay the proceedings.

Dated: April 14, 2014

Respectfully submitted,

By:  s/ Jeffrey L. Snow
Jeffrey L. Snow (JS 5396)
Cooper & Dunham LLP
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 278-0400
Fax: (212) 391-0525
JSnow@cooperdunham.com

Robert T. Maldonado (admitted *pro hac vice*)
Cooper & Dunham LLP
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 278-0400
Fax: (212) 391-0525
RMaldonado@cooperdunham.com

Attorneys for Defendant Telebrands Corp.